# THE ATTORNEY GENERAL
Grover Sellers　　　　　　　AUSTIN 11, TEXAS
~~JOHN C. PEARCE~~
ATTORNEY GENERAL



Hon. M. M. Wilshire　　Opinion No. 0-5944
County Auditor　　　　　Re:　Can the Commissioners' Court of
Kaufman County　　　　　Kaufman County sell part of the bonds
Kaufman, Texas　　　　　in question, which are held by the
　　　　　　　　　　　　Permanent School Fund, to the City of
　　　　　　　　　　　　Kemp, at 85% of par value, which were
Dear Sir:　　　　　　　purchased at 62% of par value?

　　　　Your letter of March 21, is in part as follows:

　　　　"The Permanent school fund of Kaufman County
owns $15,000 of City of Kemp Refunding Bonds,
date of issue 1934, which were purchased at 62½%
of par value.　This bonds are due in 1974 and carry
an interest rate of 3½%.

　　　　"The City of Kemp has on hand $5,000 in their
Interest & Sinking fund and have asked the Commis-
sioners' Court to allow them to take up part of
these bonds at 85% of par value, even though they
are not due.

　　　　"Please advise whether or not the Commissioners'
Court can sell part of these bonds which are held
by the Permanent School fund to the City of Kemp,
at 85% of par value, which were purchased at 62½%
of par value."

　　　　Under Article 2824 of the Revised Civil Statutes,
the　Commissioners' Court of the county is authorized and em-
powered to invest the Permanent School Fund of the county in
the type of securities listed in the statute.　Boydstun et al.
vs. Rockwall County, 24 S.W. 272.

　　　　Your inquiry, in effect raises the question of whether
the power to invest carries with it the power to dispose of in-
vestments held by the Permanent School Fund through sale thereof
at a price equal to or exceeding the amount paid for the invest-
ment securities proposed to be sold.　As an original matter,
the question would not be free from doubt, although our Supreme
Court in the case of South American Mortgage Company v. Massie,
94 Texas, 339, 60 S.W.544, indicated that the power to substitute
investments is inherent in the continuing power to invest.

In substantially its present form and verbiage, however, the provisions of Article 2824 of the 1925 revision of our statutes has long been in effect. We are aware of the long continued construction which has been placed upon the provisions by the several Commissioners' Courts of this State in their handling of the School Funds of the Counties. The Commissioners' Courts generally have assumed to exercise the power to sell investment securities held for their County Permanent School Funds where it was possible in their judgment to obtain securities offering terms which were more favorable to the investment trust fund committed to their management. It is a well settled rule of statutory construction placed upon it by the officers charged with its enforcement, while not binding, is entitled to weight in the determining of the meaning of the statute; and that where this construction has been continued over a long period of time it will not be overturned except for strong reasons of public policy, unless the construction given the statute is clearly erroneous. Moorman vs. Terrell 109 Tex. 173, 202 S.W. 727, Kay vs. Schneider, 110 Tex. 369 221 S.W. 880.

In view of the long continued construction placed upon this statute by the several Commissioners' Courts of this State, and of the rights and liabilities which have attached by reason of their actions based upon the construction of the statute, that the power to sell investment securities held by the Permanent School Fund of the county at a price equal to or exceeding the amount paid for the same was inherent in the power vested in the Commissioners' Court to invest the Fund, we feel constrained to follow that construction of the statute. For that reason your question is answered in the affirmative.

APPROVED APR 11, 1944
/s/ Geo. C. Blackburn
(Acting) ATTORNEY GENERAL
OF TEXAS

APPROVED: OPINION COMMITTEE
BY:      BWB, CHAIRMAN

CK?ned:wb

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/ Gaynor Kendall
Gaynor Kendall, Assistant